# First National Bank of Horse Cave, Ky. v. Patton.

(Decided October 17, 1911.)

## Appeal from Hart Circuit Court.

Attachment—Action for Specific Attachment—Question of Fact—
Action of Circuit Court in Discharging Attachment.—In an action
for a specific attachment evidence examined and held that it did
not authorize the attachment, and that the Circuit Court did not
err in discharging it.

PORTER & SANDIDGE, JOHN S. LAY, ALLAN SANDIDGE, Mc-
CANDLESS & LARIMORE for appellant.

BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant instituted this action and made Ella, A. L.
and H. L. Patton defendants. A. L. and Ella Patton are
husband and wife and reside in Green County, Ky., H. L.
Patton, their son, resides in Hart County. The petition
set up three notes against A. L. and Ella Patton, which
totaled about $3,300, and charged that the parties named
had executed their mortgage on some real estate in Green
County, to secure them. It did not ask for a judgment on
these notes. It also set up a note against H. L. Patton
dated October 15, 1909, for $1,500, with eight credits en-
dorsed thereon, the first six being for $100 each and the
others for $60 and $40 respectively, the last of which was
dated June 30, 1910. In addition to this, the petition set
up a note for $3,368.38 executed October 23, 1909, exe-
cuted by H. L. Patton to his mother, Ella Patton, which
was assigned by her to appellant bank as further secur-
ity for the first above mentioned notes. This note and
the $1,500 were secured by mortgages on a stock of goods
in the town of Horse Cave, Hart County, Kentucky.
Appellant asked for the enforcement of these mortgage
liens, and filed an affidavit under section 249 of the Civil
Code, to the effect that its claim was just; that the stock
of goods was about to be sold, concealed or removed from
the State, or that it had reasonable grounds to believe
and did believe, that, unless prevented by the
court, the property would be sold, concealed or
removed from the State. It obtained a specific
attachment for the stock of goods, a show case,
two pairs of scales and some coat hangers which

had been described in the petition. The property was sold under an order of court upon the ground that it was perishable, and brought about $2,300. H. L. Patton filed an answer denying the grounds for the attachment and filed exceptions to the report of the sheriff's sale. Upon a trial the court gave judgment against H. L. Patton for the two notes, and directed the $2,300, the sale price of the stock of goods, to be paid to appellant, dismissed appellee's exceptions to the report of sale and appellant's attachment against the property, and adjudged the cost against appellant which was incurred by reason of the attachment. The bank appeals from that part of the order dismissing its attachment and directing it to pay the costs. The only question for this court to determine is one of fact; that is, did the testimony authorize the court's action? The witnesses vary in their estimates of the stock of goods from $2,500 to $5,000, thus fixing an average at about $3,750. Appellant admits appellee had a competent clerk in his store at all times and that the sales were made in the usual way, except with reference to a few sales which will be referred to later. During all the time following the execution of the $1,500 note the money received for sales at the store were deposited in appellant bank. The store was located about sixty yards from the bank, and all the money paid out by appellee was paid on checks drawn on appellant bank. It is charged in the petition that appellee undertook to sell a show case, two pairs of scales and twelve coat hangers by means other than the usual course of trade. The facts with reference to this charge are about these: Before the execution of the $1,500 note appellee had been in the grocery business in connection with its dry goods, and also had a tailoring department. He closed these departments out, and the two pairs of scales and the dozen coat hangers were left. He had no use for these things and his clerk sold the scales for a small amount of money and the coat hangers for 12 cents each, which cost 8 cents, and deposited the money in appellant bank. The show case was of no particular use in the store, and as appellee had to pay a druggist in town a note for $45 on which he was surety, he told the druggist that if he would take the show case he could have it for the $45 note. The druggist sent for the show case, but found when it got to his store that it was too long to occupy the place he had for it, so he told appellee he would not take it and sent it back to the store. The at-

tachment was issued and the show case was offered for sale with the rest of the stock. We find nothing in the evidence to evince any intention on the part of appellee to get the mortgaged property carried away, concealed or sold. On the other hand appellee testified without much, if any contradiction, that before the action was instituted he offered to agree with the bank on some person to take charge of the store and dispose of it in the usual course of business and use the proceeds to pay appellant until its debt was satisfied.

In our opinion the court did not err in discharging the attachment.

The judgment is affirmed.